**Rule 704. Judicial Leave**

**(A)  Policy Statement.** It is the policy of the Unified Judicial System that jurists are required to devote the necessary time and attention to their judicial duties. Absences due to **a judge's** illness or **physical or mental** disability shall not be abused and are subject to the review of the Supreme Court as part of the Court's constitutionally mandated responsibility to oversee the Unified Judicial System.

**(B)  General rule.**

(1)  *Initial report of illness or **physical or mental** disability.* Any judge who, because of **his or her** illness or physical or mental disability, is unable to substantially perform his or her duties for a period of fifteen (15) days or more within any thirty-day period shall provide a written report to the President Judge and to the Court Administrator **[of Pennsylvania]on a Rule 704 Report form supplied by the Administrative Office**.

  (a)  ***Content of the report.*** The report shall include a description of the nature of the illness or **physical or mental** disability, the **start date and** expected length of the absence, and a certification from the treating physician, psychiatrist, or psychologist **explaining how the illness or physical or mental disability renders the judge unable [of the judge's inability]**to substantially perform his or her duties.

  (b)  ***Time for filing the report.*** The report shall be submitted within ten (10) days of the date the judge becomes aware he or she will be absent for fifteen (15) days or more, but in any event no later than ten (10) days after the fifteenth day of the judge's absence.

(2)  *Subsequent reporting of continuing illness or **physical or mental** disability.* If a judge is unable to substantially perform his or her duties for thirty additional days beyond an initial fifteen-day period, the judge shall file, within ten (10) days after the thirty-day period, an updated report**, on a Rule 704 Report form supplied by the Administrative Office,** containing the information required in (B)(1)(a), except that the healthcare professional's certification shall **also** state that the illness or **physical or mental** disability persists and provide a medical opinion as to the judge's anticipated return to service. Thereafter, the judge shall continue to file reports every thirty (30) days for as long as the illness or **physical or mental** disability persists.

 **(3)  *Report of return to service.* When a judge's illness or physical or mental disability no longer persists, the judge shall, within ten (10) days of returning to service, report to the President Judge and the Court Administrator that he or she**

**is able to substantially perform his or her duties. If the judge will have any restrictions upon returning, he or she must submit a Rule 704 Report that includes a physician's explanation of how such restrictions may impact the judge's ability to substantially perform his or her duties.**

*Note:* **If a President Judge is unable to substantially perform his or her duties, or returns to service, as described in subparagraph (B), the President Judge shall submit the required reports to the Court Administrator.**

**[(3)](4)** *Duties of President Judge.*

**[(a) If a President Judge is unable to substantially perform his or her duties for a period of fifteen (15) days or more within any thirty-day period, the President Judge shall submit reports to the Court Administrator pursuant to (B)(1) and (2).]**

**(a)[b]** If a President Judge is aware of a judge who has been unable to substantially perform his or her duties for at least fifteen (15) days within any thirty-day period but has not filed a report as required by this Rule, the President Judge shall communicate by letter to the judge that a report must be submitted within ten (10) days of the date of the letter. A copy of that letter shall be provided to the Court Administrator. If no response is received from the judge, the Court Administrator shall report the lack of response to the Supreme Court for appropriate action.

If the illness or **physical or mental** disability is of such a nature that the judge cannot submit any of the reports required by this Rule, the President Judge shall make reasonable inquiry into the nature of the illness or **physical or mental** disability and report the findings to the Court Administrator, who shall inform the Supreme Court of those findings.

**(b)[c]** If a President Judge believes that a judge is suffering from **an illness or physical or mental disability** **[a mental or physical disability]** that renders him or her incapable of substantially performing his or her judicial duties, and that immediate action is warranted, the President Judge, after consultation with the Court Administrator, may place the judge on administrative leave. The Court Administrator shall promptly advise the Supreme Court of any placements on administrative leave.

**(c)[d]** When a President Judge is unable to substantially perform his or her duties, the Court Administrator shall perform the duties prescribed in (B)**(4)(a) and (b)[(3)(b) and (c)]**.

2

**[(4)](5)** *Reporting to the Supreme Court.* The reports of any jurist who is unable to substantially perform his or her duties for a cumulative period of at least ninety days in any twelve-month period shall be forwarded by the Court Administrator to the Supreme Court for appropriate action.

**[(5)](6)** *Request for Independent Examination.*

(a) A President Judge may request that a judge who is unable to substantially perform his or her duties submit to an independent physical, psychiatric, or psychological examination. Such request shall be made in writing to the Court Administrator and shall explain the reasons for an independent examination.

If the Court Administrator agrees that an independent examination is justified, the President Judge shall inform the judge of the name of the physician, psychiatrist, or psychologist who will conduct the examination, and the judge shall submit to the examination within thirty (30) days of receiving notice from the President Judge and must agree to waive confidentiality protections so that the President Judge, Court Administrator and Supreme Court can be provided with the results of the examination.

(b) The Court Administrator may direct a jurist who is unable to substantially perform his or her duties to submit to an independent examination. The Court Administrator shall inform the jurist of the name of the physician, psychiatrist, or psychologist who will conduct the examination, and the jurist shall submit to the examination within thirty (30) days of receiving notice from the Court Administrator and must agree to waive confidentiality protections so that the President Judge, Court Administrator and Supreme Court can be provided with the results of the examination.

**(C) Confidentiality.** Any reports submitted pursuant to this Rule shall be confidential and subject to disclosure only to necessary judicial, administrative or disciplinary personnel.

**(D) Definitions.** For the purposes of this Rule:

(1) *Day* means a calendar day.

(2) *Judge* means a judge of a court of common pleas, Philadelphia Municipal Court, **[Philadelphia Traffic Court, ]**the Superior Court of Pennsylvania, the Commonwealth Court of Pennsylvania, or a magisterial district judge. **For purposes of this Rule, judge does not include a senior judge.**

3

(3)  *Jurist* means both a judge and a President Judge.

(4) *President Judge* means the President Judge of a judicial district or, in the case of the Superior Court of Pennsylvania, the Commonwealth Court of Pennsylvania, **or** Philadelphia Municipal Court, **[or Philadelphia Traffic Court, ]**the President Judge of the court.

(5) *Substantially perform* means to carry out on a full-time basis the essential and assigned responsibilities required of the judicial office.

> *Note:* The time periods provided in the Rule are only the minimum periods of absence that trigger the reporting requirements of the Rule. A jurist may be unable to substantially perform his or her duties even if he or she reports to work in excess of the time periods provided, which would also require the filing of the reports mandated by the Rule. The key to an assessment of substantial performance is whether the jurist is carrying out the assigned duties of his or her position to the same extent as other jurists in the same or comparable position. A judge may be presumed to be unable to substantially perform his or her duties if, for example, the judge has been unable to work more than three hours in a day for a total of fifteen (15) days in a thirty-day period.